State v. Pitts.

STATE OF MISSOURI, Respondent, *vs.* THOMAS PITTS, Appellant.

1. *Practice, criminal—Indictment—Counts—Election.*—The defendant has no right upon a trial under an indictment containing several counts to compel the State to elect under which count she will proceed at the trial. (State *vs.* Porter, 26 Mo., 201.)

2. *Practice, criminal—County Court—Summoning regular panel of jurors.*—The act (Sess. Acts, 1873, p. 76) requiring the County Court to summon the regular panel of jurors thirty days before the term of the Circuit Court, is merely directory.

3. *Crimes—Effect—Animus.*—In criminal cases, the question is not.as to the effect of the act done, but as to the *animus.*

4. *Crimes—Drunkenness.*—Drunkenness is no excuse for crime.

5. *Practice, criminal—Trials—Indictment—Counts—General finding.*—When an indictment contains several counts, all relating to the same transaction, and are framed on different sections of the statute to meet the exigencies of the trial, a general finding, which does not exceed in the punishment, which it assesses, the maximum of that assessed in any section on which any count is based, is permissible.

*Appeal from Polk Circuit Court.*

*W. P. Johnson,* for Appellant.

*John A. Hockaday, Att'y Gen'l,* for Respondent.

I. The State was not bound to elect, on which count it would proceed to trial. (State *vs.* Porter, 26 Mo., 201.)

II. Drunkenness is an aggravation of a crime rather than a mitigation. (14 Mo., 502; 21 Mo., 466; 27 Mo., 332.)

III. It was not necessary for the verdict to show upon which count the defendant was found guilty, a general verdict is good. (State *vs.* McCue, 39 Mo., 112.)

SHERWOOD, Judge, delivered the opinion of the cour

The defendant was indicted in the Hickory Circuit Court. The indictment contained three counts which were based, respectively, on the 29th, 32nd and 33rd sections of Wagn. Stat., ch. 42, pp. 449, 450. On his application, the venue was changed to Polk County, where, upon a trial had, he was duly convicted, and his punishment assessed at two years in the penitentiary. For a reversal of the judgment, there have been assigned various errors which will be briefly noticed. The record in this case sufficiently discloses, that

the indictment was "found and presented in open court." The defendant not being in custody, or held on recognizance, the clerk was expressly prohibited by law (Wagn. Stat., 1086, § 1) from making any entry on the minutes or records of the court in reference thereto. The clerk therefore could only indorse the date of its filing on the indictment in the ordinary and usual way, and refer to it in the transcript as one of the indictments found and presented at that term by the grand jury.

Although the opening order of the Hickory Circuit Court does not show that the Hon. B. H. Emerson was judge of the court, yet it shows his presence together with that of the other officers of the court, and a subsequent entry, made prior to the removal of the cause, shows with distinctness that he was judge of that court. The record shows also, that the defendant was duly arraigned, and pleaded not guilty in the Polk Circuit Court, prior to the impaneling of the jury. This is shown by the judgment of conviction, so that the objection, on the score of there being no arraignment of the accused, is not true in point of fact.

The defendant had no "right secured to him by the law" to compel the State to elect, upon which count of the indictment, she would proceed at the trial. (State vs. Porter, 26 Mo., 201.)

There was no error in overruling the motion of defendant to have the jury impaneled from the regular panel of jurors, which had been summoned for the term under the provisions of the act concerning jurors. (Sess. Acts, 1873, p. 46.) A portion of the regular panel were then sitting as a jury in the trial of another cause, and it was perfectly competent after exhausting the remainder of the regular panel, for the court to order the jury to be completed from the by-standers, under the terms of section six of the act referred to. And it was a matter of no moment, that the regular panel for the term was not selected by the County Court at least thirty days prior to the commencement of the term at which the prisoner was tried, in accordance with the above mentioned act. That

act can only be regarded as merely directory. To rule that it is mandatory, would be to hold, that, if by any accident the County Court should not meet and select jurors in the time and manner provided by the act, the wheels of justice would have to stand still, and the Circuit Court be prevented from transacting its duties respecting crimes and criminals, simply because the County Court failed to discharge its duty. No such ruling will be made.

The evidence in the case, which fully sustains the verdict of the jury, shows an aggravated assault with a pistol; and the court very properly refused the admission of evidence to show that the defendant "apologized the next morning." Offenses against the law cannot be wiped out, or atoned for, by apologies.

The instructions, given in behalf of both the State and the defendant, presented the law applicable to the facts proven with the most unexceptionable fairness. The first instruction asked by defendant was correctly refused, because it in effect asserted the principle, that, although defendant had made a felonious assault, yet, unless he thereby endangered the life of his uncle, he ought to be acquitted.

The question in such cases is not as to the effect of the act done, but as to the *animus* which prompted its commission. Drunkenness is no excuse for crime, so that even if there had been any evidence on which to base the fifth instruction asked by defendant, it was properly refused, as it enunciated a doctrine always repudiated by the courts.

But one point remains to be considered; and that is as to whether a general finding of guilty, where an indictment contains three counts, will support a judgment. In reference to this, it may be observed, that where, as in the case at bar, the several counts relate to the same transaction, and are framed on different sections of the statute to meet the exigencies occurring at the trial, that then a general finding, which does not exceed, in the punishment which it assesses, the maximum of that specified in any section on which any count is based, will be permissible, and afford no ground for arrest-

ing the judgment based thereon. Here, the gravamen of the offense charged in all the counts is the felonious assault; the counts are therefore not repugnant, but of a kindred nature; bringing this case within the line of decisions heretofore made in this State. (State vs. Jennings, 18 Mo., 435; State vs. Bean, 21 Mo., 267; State vs. McCue, 39 Mo., 112.)

In conclusion, the trial court ruled correctly on every point presented by the record, and its judgment is accordingly affirmed; Judge Vories absent; the other judges concur.