The State v. Gleason.

## THE STATE v. GLEASON, *Appellant.*

1. **Criminal Practice**: CHANGE OF VENUE. When a change of venue is awarded in a criminal cause the court should order the removal of the body of the defendant to the county to which the venue is changed. R. S., sec. 1867. But a failure to then make the order of removal will not deprive the court of the right to make it afterwards.

2. ———: JURORS. The objection that the jurors who tried the defendant were not of the standing jurors selected by the county court, held not well taken, it not appearing but that such latter jurors were engaged in the trial of other causes.

3. ——— : ———. The statute with respect to the manner of selecting jurors is directory.

4. ———: ———. The trial court has the right to direct its officers to summon additional jurors or an entire panel as the dispatch of business may demand.

*Appeal from St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Zack. J. Mitchell* for appellant.

(1) The record shows that the change of venue was on account of the prejudice of the inhabitants of the ninteenth judicial district which included St. Charles county. (2) An order transferring the person of the defendant to the custody of the sheriff of St. Charles county was necessary to perfect the jurisdiction of the latter court. (3) The court erred in trying the defendant with a jury of by-standers and in denying him the regular panel of standing jurors.

*B. G. Boone*, Attorney General, for the state.

(1) An affidavit for change of venue must be sup-
ported by legal and competent evidence. R. S., sec.
1859 ; *State v. Bohannon*, 76 Mo. 562. (2) When the
case was transferred to St. Charles county, its circuit
court became possessed of full jurisdiction. *State v.
Elkins*, 63 Mo. 159. (3) Statutes in respect to the em-
panneling of juries in criminal cases are directory. *State
v. Breen*, 59 Mo. 413 ; *State v. Pitts*, 58 Mo. 556; *State
v. Knight*, 61 Mo. 373 ; *State v. Ward*, 74 Mo. 256, and
cases cited. It is held generally that a strict compliance
with statutory provisions prescribing the time and mode
of summoning juries is not necessary. Whar. Cr. L.
[3 Ed.] sec. 1041 ; Thom. & Mer. on Juries, sec. 47.
From aught that appears from the record, it may have
been that the regular panel had been exhausted by
challenges or were enraged in another case. *State v.
Jones*, 61 Mo. 232.

BLACK, J.—The defendant and others were indicted
in the circuit court of St. Louis county for robbery in
the first degree. After one mistrial, a severance was
ordered, and the venue changed to St. Charles county,
but it would seem no order was then made to remove
the body of the defendant to that county. A transcript
having been filed in the court to which the cause had
been removed, the defendant by his attorney appeared
there and moved the court to strike the cause from the
docket ; the motion was overruled. The St. Louis county
circuit court, at next term after the venue was changed,
ordered the defendant to be delivered to the jailer of St.
Charles county, which was done. The cause coming on
for hearing in that court, the defendant filed a plea to
the jurisdiction and also challenged the array of petit
jurors ; the plea and motion were both overruled, and

The State v. Gleason.

defendant refusing to plead, a plea of not guilty was entered, and upon a trial he was found guilty.

1.   The petition for a change of venue was based upon two grounds, prejudice of the inhabitants of St. Louis county, and prejudice of the inhabitants of the entire nineteenth judicial circuit, of which St. Charles county is also a part.   The claim is that the motion was sustained in its entirety, and that, therefore, the St. Charles circuit court acquired no jurisdiction.   But this is a misconception of the record.   The order recites that there was good cause for granting the motion because of prejudice of the inhabitants of St. Louis county, and then it is adjudged that the motion be sustained and the venue of the cause changed to the county of St. Charles, and the clerk is directed to forward a transcript of the proceedings to the circuit court of that county.   The plain and only effect of the order was to sustain the application as to St. Louis county, and to overrule it, as to the entire circuit.   How else could the cause have been removed to St. Charles county?   The order is not susceptible of any other meaning.  The St. Louis county circuit court should have ordered the body of the defendant removed, when the change of venue was awarded.  Sec. 1867, R. S.   But a failure to then make the order did not deprive that court of the power to thereafter make it.   It was the plain duty of the court to direct the sheriff to remove the defendant to the jail of St. Charles county, even at a subsequent term.   The St. Charles circuit court had full and complete jurisdiction when the cause was brought on for trial, and the previous irregularities gave the defendant no right to be discharged.

2.   The objection to the jurors seems to have been that they were not of the standing jurors selected by the county court.   The bill of exceptions concedes that there was no record entry showing that the regular jurors for that term had been discharged.   It will be

taken as a fact that the court had a panel of regular jurors at that term and that they had not been dis-charged. Still it does not appear but they were engaged in the consideration of other causes. The statute with respect to selecting jurors has always been regarded as directory. *State v. Pitts*, 58 Mo. 556 ; *State v. Knight*, 61 Mo. 373 ; *State v. Ward*, 74 Mo. 256. The trial court has a right to order its officers to bring in additional jurors, or an entire new panel, as the dispatch of the business may demand.

The judgment is affirmed. All concur.