THE STATE OF MISSOURI, Respondent, v. JAMES CASSITY, Appellant.

St. Louis Court of Appeals, April 19, 1892.

The Ruling in *State v. Cassity, ante*, p. 300, is applied in this action.

*Appeal from the Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED AND REMANDED.

*N. Gibbs* and *McPherson & Bro.*, for appellant.

*Joseph French*, Prosecuting Attorney, for respondent.

BIGGS, J.—The defendant was indicted in the Lawrence county circuit court for the unlawful sale of intoxicating liquors. There was a change of venue to the circuit court of Barry county, where on a trial

the defendant was found guilty, and his punishment assessed by the jury at a fine of $100.

The indictment contained three counts, the first charging the defendant as a druggist; the second charging him as a pharmacist (R. S. 1889, sec. 4621), and the third charging the sale of liquors without a dramshop license. R. S. 1889, sec. 4570. It is apparent that only one offense was intended to be charged. The three counts were added to meet any possible phase of the evidence.

The evidence introduced by the state tended to prove that the defendant was a druggist and registered pharmacist, and, at or about the time stated in the several counts, he sold to one Roberts intoxicating liquors without a written prescription, etc. The jury was instructed only as to the law governing the sale of intoxicants by druggists and pharmacists. No attempt was made to convict the defendant under the last count. It seems to have been ignored both by the court and counsel. The jury failed to specify in the verdict on which count the conviction was had. The court refused to grant a new trial or to arrest the judgment, and the defendant has brought the case here by appeal.

The record in this case and that in state against the same defendant, *ante,* p. 300, are the same, excepting the additional count in this case which charges a violation of the dramshop law. For the reason stated in our opinion in that case we must hold that the court committed error in overruling the defendant's motion in arrest of judgment. The first and second counts in the indictment are fatally defective, because each failed to state to whom the liquor was sold. The fact that there was one good count in the indictment cannot aid the judgment (*State v. Pitts,* 58 Mo. 556), for the reason that the evidence and the instructions were directed to the first and second counts only, making the conclusion

unavoidable that the conviction was had under one or the other of those counts. We must, therefore, reverse the judgment.

On a retrial of the case the defendant may be tried under the last count, but, if this course be pursued, the other counts will have to be dismissed.

With the concurrence of the other judges, the judgment of the circuit court will be reversed, and the cause remanded. All the judges concur.