Sublett, Appellant, v. Simmons Hardware Company.

### Division Two, February 21, 1899.

Jury: SPECIAL PANEL: WHO CAN COMPLAIN. The party who asked for a special jury to try the cause, and he only, can complain that the method employed to select the special duty resulted in the choice of an ordinary jury.

*Appeal from St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Affirmed.

Seddon & Blair for appellant.

(1) The court granted the defendant's prayer for a special jury. It was at the time proceeding under the law of the State of Missouri with reference to special juries. In fact it did not try the case with a special jury, and for that matter it did not even try it with a common jury. While it ordered a special jury according to the statute, it so construed the statute under its void rule, that it forced the parties to try the case with a nondescript jury, a production entirely unknown to the law. The jury commissioner had been commanded to summon a special jury. It was his duty under the law to exercise his judgment in selecting the names for this special jury. Instead he substituted the directions of a void rule of the court for the statute as a guide to him in making his selections. He drew the names from the ordinary jury wheel, substituting the god of chance, for his discretion. Railroad v. Withrow, 133 Mo. 500. (2) The action of the lower court in forcing this jury upon the parties was not merely an error, but was entirely out of its jurisdiction. State v. Tweed, 50 How. Prac. Rep. 253. (3) While

it has uniformly been held that no irregularity in the selecting and summoning an ordinary jury is ground for challenge, it has never been held that the law may be entirely ignored. As was said in the Tweed case special jury laws are to be strictly enforced. Proffat on Jury Trials, sec. 74. (4) When a jury summoned according to law is in attendance and ready to try a case the court can not arbitrarily summon bystanders. State v. Gleason, 88 Mo. 582; State v. Sansone, 116 Mo. 1.

A. & J. F. LEE and VALLE REYBURN for respondent.

(1) This error manifestly was one operating only against defendant, and it is impossible to conceive how the action of the court affected the trial to the prejudice of the plaintiff, nor does it lie in plaintiff's mouth to complain that a lawful special venire was not provided for the trial of this cause in response to defendant's application therefor. The jurors individually were duly qualified to serve as such, as no objection or challenge was made to any single juror composing it for any personal disqualification. (2) The statutory provisions respecting the summoning, drawing and impaneling of jurors are merely directory, and not mandatory, and mere irregularities or informalities therein, unless distinctly operating to the material prejudice and substantial injury of the challenging party, form no valid ground for challenging the array. Thompson & Merriam on Juries, sec. 143, p. 120; sec. 3, p. 122; sec. 63, p. 58. (3) If the jurors are possessed of the legal qualifications to serve as such, where it does not affirmatively appear that the complaining party was prejudiced, a judgment will not be reversed at his instance because of mere informality or irregularity in their selection. Such has been the uniform ruling of this court frequently declared to be the law,

notably in State v. Jennings, 98 Mo. 493; State v. Matthews, 88 Mo. 121; State v. Gleason, 88 Mo. 582; State v. Pitts, 58 Mo. 556.

GANTT, P. J.—This action was commenced in the circuit court of the city of St. Louis, and judgment was rendered for defendant.

Plaintiff appeals and relies solely and entirely upon the proposition that error was committed in drawing and summoning the jury which heard the case.

The facts are that at the trial term defendant moved the court for a venire of special jurors. The court sustained the motion and directed defendant to deposit $75 with the clerk and such further sums as might be necessary, and directed the jury commissioner to draw and furnish to the sheriff of St. Louis the names of forty-five good and lawful men, and the sheriff was directed to summon said forty-five persons from the list of regular jurymen of said city to serve as special jurors on the day of trial.

On the day of trial before the said jurors were sworn on their *voir dire*, both the plaintiff and defendant moved to quash said panel because the panel had been selected under rule 37 of said circuit court, then recently adopted, and since held invalid by this court in Banc in State ex rel. v. Withrow, 133 Mo. 500. The plaintiff's motion to quash was overruled and plaintiff duly excepted.

Defendant's motion was also overruled, but as it is not appealing, no account can be taken of its exception.

Prohibition was sought and obtained in State ex rel. v. Withrow, by the complainants in that case, because they were denied a special jury, to which they were entitled by statute and denied by said rule 37 of the circuit court. It was demonstrated by Judge SHERWOOD in that case that the drawing from the wheel of qualified jurymen for St. Louis could not be a special selection in the meaning of the law,

and would result in obtaining simply an ordinary jury. In this case the defendant who moved for the special jury is not complaining because the said rule 37 was enforced against it, but the plaintiff who did not ask for a special jury at all is complaining that said special jury was obtained under that rule and just as an ordinary jury would be obtained.

Ordinarily it would seem clear that as plaintiff did not ask for a special jury and his motion was not denied, he would hardly be in a condition to complain that defendant did not secure its right under the statute, but was compelled to take a panel of qualified jurors drawn by lot out of the jury wheel.

Plaintiff is placed in the attitude of objecting because defendant was compelled to go to trial without a special jury for which it had properly applied. The situation is a novel one. As we view it the parties are just where they would have been had defendant made no application for a special jury unless it can be said that the court's action in ordering this extra panel was error, because there is a recital in the bill of exceptions that on the day the jury was empaneled "there was a sufficient number of regular or ordinary jurymen then in attendance on said court to try this case, they having been summoned in a general venire" for said term. Is plaintiff in a position to complain that he was not given a jury out of this regular or ordinary panel?

Certainly the record discloses no suggestion or motion at the time that he craved such a right. His motion to quash proceeds on no such ground. He did not ask or demand that the jury to try his case should be taken from the regular panel, but contented himself without an objection to the way only in which defendant's special panel had been summoned. His exception is not based on the failure or refusal to use the regular panel.

It is one thing to deny a party a plain statutory right

to a special jury, and quite another thing to be guilty of a mere irregularity or informality in impaneling an ordinary jury of admittedly competent and disqualified jurors when it clearly appears that no prejudice operated against the party complaining of the irregularity.

This court, again and again, in cases involving the life or liberty of the citizen has held statutory provisions for summoning and empaneling juries as directory only. [State v. Jennings, 98 Mo. 493; State v. Matthews, 88 Mo. 121; State v. Gleason, 88 Mo. 582; State v. Pitts, 58 Mo. 556.]

Looking into this record we find this jury was drawn from the duly selected list of regular jurymen for the city of St. Louis. There is not a pretense that a single juror was incompetent to try the case by reason of prejudice.

By the subsequent decision of this court, the method of selecting this jury was unlawful so far as pertained to impaneling a special jury was concerned, but the only party who could complain of that method was the party who asked for the special jury and was forced to submit its case to an ordinary jury.

To reverse this case for this reason alone would be to ignore the substance of things for the shadow. No showing of prejudice or injury is made and the judgment is affirmed.

SHERWOOD and BURGESS, JJ., concur.