## THE STATE v. JAMES DOCKERY, Appellant.

### Division Two, June 1, 1912.

1. **ROBBERY: Common Intent: Evidence.** Testimony that defendant led the other three men from the saloon to the alley, where one of them was robbed; that Robare had hold of the prosecuting witness's arm; that either defendant or Roussin choked him and took his money; that the two men who had hold of him ran off together; testimony by an officer that Robare and defendant ran off together; that defendant subsequently denied his presence in the alley, and unequivocally stated he did not hear the officer's shot who fired when the two men ran off; and defendant's own testimony that he was only ten feet away from the struggle, is ample evidence to authorize an instruction upon a common intent among the three.

2. ————: ————: **Instruction.** There being evidence of a common intent among the three to rob the prosecuting witness, which was actually done by one choking and taking the money from his pockets, while another held his arm, an instruction which told the jury to convict defendant if they found under the evidence one of three alternatives, namely: whether defendant himself assaulted the prosecuting witness, whether he was present aiding and assisting the other two or either of them, or whether he was present for the purpose of so assisting if necessary, did not relieve the jury of the duty of finding all the essential facts, and was not erroneous.

3. **ALIBI: No Instruction: No Request: No Pointed Specification in Motion.** Where no instruction on alibi was requested, and the attention of the trial court was not specially called in the motion for a new trial to its failure to give an instruction on that point, it is not reversible error that the court failed to give any instruction on alibi. A specification in the motion for a new trial that "the court failed to instruct the jury on the entire law applicable to said cause" is not sufficient to call the court's attention to the particular point omitted in the instructions. Besides, in this case, there were no facts testified to by defendant to authorize an instruction on alibi.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Grimm*, Judge.

AFFIRMED.

*Bass & Bass* for appellant.

(1) The fault of instruction one lies in the fact that it assumes that there was evidence of a common intent and agreement or a conspiracy between Roussin, Robare and the appellant. There is no evidence whatsoever to indicate this theory or justify this as-. sumption. The mere fact that the prosecuting witness was robbed by two companions of the appellant and that appellant stood off at some distance while the robbery was going on, would not of itself make him an aider, abettor or an accomplice without other evidence. State v. Valle, 164 Mo. 551; State v. Meyers, 174 Mo. 352. (2) The fault of instruction two lies in the fact that the 2d and 3d paragraphs clearly and unmistakably assume that Roussin and Robare assaulted Dose and took his property from him. (3) The court erred in not giving an instruction of its own motion on the theory of an *alibi*. The State by introducing the evidence of officer Archie and through him giving to the jury the statement of the appellant, introduced a claim of the appellant that he was not present at the time and place where the offense was committed and the appellant himself in his evidence testified that he had nothing to do with the commission of the crime, but was some distance from the others when the offense was in process of commission. There being no evidence whatsoever of an agreement or conspiracy to commit this offense, it cannot be said that the physical presence of the appellant was not necessary. Distance from or nearness to cannot affect the question of an *alibi*. State v. Conway, 241 Mo. 271; State v. Dashman, 153 Mo. 454; State v. Taylor, 118 Mo. 153; State v. Woolard, 111 Mo. 248; State v. Koplan, 157 Mo. 298; State v. Lewis, 69 Mo. 92; State v. Bobbitt, 228 Mo. 268.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

(1) There was not only substantial evidence of appellant's guilt, but the evidence against him was overwhelming. In such a case, this court will not attempt to weigh the evidence, but will defer to the finding of the jury, as approved by the trial court. State v. Smith, 190 Mo. 706; State v. Payne, 194 Mo. 442; State v. Groves, 194 Mo. 452; State v. Swisher, 186 Mo. 8; State v. Williams, 149 Mo. 496. (2) Appellant did not point out in his motion for new trial wherein the court did not instruct upon all the law of the case. State v. Conway, 241 Mo. 271.

FERRISS, J.—Conviction upon an information charging defendant, together with Otto Roussin and Louis Robare, with robbery in the first degree, committed upon one Erwin Dose. Defendant was tried separately, and his punishment fixed at five years in the penitentiary.

The evidence for the State tended to prove that on Sunday, at half past twelve, a. m., on May 8, 1910, said Dose met defendants Dockery and Roussin on North Grand avenue and Market street, in St. Louis. They were waiting for a Grand avenue car. Dose was under the influence of liquor. The three went to the Social Economic Club, where they met the other codefendant, Robare. This club was located in the downtown section of the city. At the club some beer was ordered, the three defendants and Dose drinking same. They remained some time at the club, drinking beer and entertaining and amusing themselves in different ways. At the suggestion of some one of the party they went out upon the street. Upon reaching an alley, defendant Dockery suggested that they go into the alley and urinate. They entered the alley to a distance of fifty feet, defendant leading the way,

when Dose stopped for the purpose mentioned. Robare threw his arms around Dose, while one of the others (Dose could not tell which) proceeded to choke him with one hand and go through his pockets with the other, and robbed him of ten dollars. This party asked him if he had any more money, and Dose said, "No." They then turned Dose loose, who ran and hallooed: "Help, help, police; they have robbed me." The two men who held Dose ran in a direction opposite to that taken by him. The money taken was mostly silver. There was one two-dollar bill. Roussin ran down the alley in the same direction taken by Dose. Police officer Archie, at 2:15 that Sunday morning, at Ninth and Chestnut streets, saw defendant and Robare running at full speed, side by side, up the street, and at the same time saw Roussin scuffling with Dose down the street. The officer fired a shot at defendant and Robare, but did not stop them. Archie arrested Roussin after firing a shot at him. Later, the same morning, Robare and defendant were arrested, the latter at his home. Defendant denied having been down town that night. Archie said, "Didn't you run when I shot at you?" To this Dockery replied: "No, you are crazy; I didn't hear any shot." At the police station the three men, in the presence of Dose and several police officers, began accusing one another of the robbery. Dockery said that Robare and Roussin took the money, while Roussin maintained that the other two took it. All were searched. Two dollars and fifty cents was found on Dockery's person, and about the same amount on Roussin. Robare's pockets contained a dollar and a half and three keys, which keys were identified by Dose as his property.

The defendant's testimony corroborated that for the State as to the happenings preceding the assault and robbery. He testified that Dose proposed going into the alley, and that Dose and the others preceded him (defendant) into the alley, he lagging behind be-

cause of a sore heel; that he stopped at the entrance, the others going into the alley about ten feet; that he saw Robare and Roussin assault Dose, but thought it was simply a quarrel; that one of them said, "Go to hell," and then the three ran away, leaving him behind; that thinking it was their intention to get rid of him, he walked over to Seventh street and Franklin avenue, boarded a street car and went home. He acknowledged that he told the police officers, when they came to arrest him, that he knew nothing about the affair, but denied that he made any statements at the police station inculpating the others or indicating his own complicity in the affair. He admitted that he had drunk twelve bottles of beer and four Manhattan cocktails that night, and that he was "pretty well loaded."

James Dockery, defendant's father, testified that he was a member of the metropolitan police force, and was then a sergeant; that his son, the defendant, had always been industrious and had never been convicted of any offense; that he kept regular hours, and never gave him any trouble; that on the night in question defendant gave him twenty-five dollars, stating that he was going out to Forest Park Highlands and was afraid that he might lose the money.

Defendant introduced evidence tending to prove that his general reputation for industry and honesty was good.

The defendant contends in his brief that the following instructions given by the court misdirected the jury:

"1.    All persons who act together with a common intent in the commission of a crime are equally guilty. If you find and believe from the evidence, beyond a reasonable doubt, that at the city of St. Louis and State of Missouri, on or about the 8th day of May, 1910, Otto Roussin, Louis Robare and James Dockery did assault the prosecuting witness, Erwin Dose, by grasping and holding his arms and choking him, and

by violence to his person, or by putting him in fear of some immediate injury to his person, did take 'from his person, against his own will, ten dollars, lawful money of the United States, or any part thereof, with the intent at the time to take wrongfully and carry away and convert the same fraudulently to their own use, and permanently deprive the owner thereof without his consent, and if you find that said property so taken belonged to said Erwin Dose, and was of any value whatever, then you should find the defendant, James Dockery, guilty of robbery in the first degree, and assess his punishment at imprisonment in the penitentiary for such time as you deem proper, not less than five years. And if you do not so find the facts you will acquit the defendant. .

"2. It is not necessary for the State to show that the defendant, James Dockery, himself actually assaulted the prosecuting witness, Erwin Dose, or that defendant actually took from him any part of the money mentioned in the information, but you will be authorized in finding the defendant guilty of the offense charged if you find, beyond a reasonable doubt, either:

"1st, that he assaulted the prosecuting witness, Erwin Dose, and by violence to' his person or by putting him in fear of some immediate injury to his person, took the money mentioned in the information, or some part thereof, from his person; or,

"2d, if the defendant was present and aided and assisted Otto Roussin and Louis Robare, or either of them, in assaulting said Erwin Dose and taking his property from his person, against his will; or,

"3d, if he was present for the purpose of aiding, abetting or assisting said Otto Roussin and Louis Robare, if necessary, in such assault and in taking such property from the person of said Erwin Dose against his will."

A further contention is that the court erred in failing to instruct of its own motion on *alibi*.

I.   It is urged that the first instruction is faulty in that it assumes that there was evidence of a common intent among the three parties charged with the crime.   The record contains ample evidence to support this instruction.   There was evidence that defendant led the way into the alley, and that he suggested going there.   There was slight evidence that he actually participated in the holdup.   Dose testifies that Robare had hold of his arms, and that either defendant or Roussin (he could not swear which) took his money; but he did testify that the two men who had hold of him ran off together.   Robare and defendant ran off together, according to the testimony of officer Archie.   There is also the testimony of defendant's subsequent denial of his presence in the alley, and his equivocal reply to the officer when asked about the shot fired by the latter.   According to his own evidence he was only ten feet away from the struggle.   The cases cited on this point—State v. Valle, 164 Mo. 551, and State v. Meyers, 174 Mo. 352—do not help defendant.

II.   As to the second instruction, it is urged that paragraphs 2 and 3 assume that Roussin and Robare assaulted Dose and took his money.   The brief merely states this proposition, without argument or citation. We find no merit in the point.   The instruction as a whole tells the jury to convict if they find under the facts one of the three alternatives, viz: Whether defendant himself assaulted Dose; whether he was present, aiding and assisting Roussin and Robare, or either of them; whether he was present for the purpose of so assisting if necessary.   It canot be said that this instruction relieved the jury from the duty of finding all the essential facts.

III. As to the third proposition that the court failed to instruct on *alibi*. No instruction was asked on this proposition. Neither was the attention of the court called specifically in the motion for a new trial to its failure to so instruct. The motion for new trial says: "7th. Because the court failed to instruct the jury on the entire law applicable to said cause." We have recently ruled this specification in the motion insufficient, in that it fails to call the attention of the court to the particular point omitted in the instructions. [State v. Conway, 241 Mo. 271.] What is said there by KENNISH, J., need not be repeated here. Furthermore, we see no basis in the facts testified to by defendant for such instruction.

Other than as set out above the defendant does not complain. We have examined the entire record, and find no reversible error therein. The judgment is affirmed. *Brown, P. J.,* and *Kennish, J.,* concur.