## THE STATE v. E. E. SANDERS, Appellant.

Division Two, June 11, 1923.

1. **CONTINUANCE: No Exception.** Where the application for a continuance is not preserved in the bill of exceptions and no call therefor is contained therein, said application cannot be considered on appeal.

2. **VERDICT:** Against Weight of Evidence. It is not the province of the appellate court to determine the weight of the testimony; but if the evidence tending to establish defendant's guilt is substantial, it will not be ruled that the verdict was against the evidence.

3. **DEFILING WARD:** Force As Excuse: Erroneous Instruction for Defendant. To have sexual intercourse with a girl under eighteen years of age confided to the care and custody of defendant is the offense denounced by the statute (Sec. 3260, R. S. 1919), and to use force to accomplish her defilement does not lessen the offense; and consequently an instruction telling the jury that "if said sexual intercourse was accomplished by force on the part of defendant you will find him not guilty" should not be given, but if given, at the request of the State, it is an error in defendant's favor, of which he cannot complain.

Appeal from Oregon Circuit Court.—*Hon. Fred Stewart,* Judge.

AFFIRMED.

*J. D. Wallace, Barton & Impey* and *S. M. Meeks* for appellant.

(1) Instruction number 1 is erroneous, as there is no evidence showing that the prosecuting witness was confided to the care and protection of the defendant. Sec. 3260, R. S. 1919. (2) Continuance should have been granted to the defendant. State v. Walker, 69 Mo. 274; State v. Lewis, 74 Mo. 531. (3) The verdict was against the evidence. If the defendant was guilty of any crime, he was guilty of rape. 35 Cyc. 1296, 1337; State v. Lingle, 128 Mo. 528; State v. Woolover, 77 Mo. 103. (4) The evidence is insufficient to show that the prosecuting witness was a ward of the defendant. 40 Cyc. 394.

*Jesse W. Barrett,* Attorney-General, and *Robert W. Otto,* Assistant Attorney-General, for respondent.

(1) It is within the sound discretion of the trial court as to whether a continuance shall be granted, and

a denial will be upheld except in the case of a clear abuse of that discretion. State v. Salts, 263 Mo. 304, 314; State v. Lewkowitz, 265 Mo. 613, 630. (2) Evidence of the pregnancy of the prosecutrix is properly admitted in a prosecution for defiling a ward. State v. Palmberg, 199 Mo. 233, 253; State v. Kelly, 245 Mo. 489, 494. (3) The sufficiency of the evidence in a case of defilement of a female ward under the age of eighteen is to be tested by the rules applicable to cases of rape. State v. Donnington, 246 Mo. 334, 354. (4) The record discloses that there was sufficient evidence upon which to submit the case to the jury. The weight of the evidence is for the jury. State v. Wilcoxen, 111 Mo. 569, 573; State v. Marcks, 140 Mo. 656; State v. Day, 188 Mo. 539; State v. Dilts, 191 Mo. 665; State v. Skillman, 228 Mo. 439; State v. Tevis, 234 Mo. 276. (5) State's Instruction 7 while not correctly quoting the law was favorable to the defendant and could not have been prejudicial. State v. Hamey, 168 Mo. 203. (6) Defendant may be convicted under Section 3260, Revised Statutes 1919, even though he uses force. State v. Hamey, 168 Mo. 203.

·RAILEY, C.—On December 22, 1919, defendant was charged in an information under Section 3260, Revised Statutes 1919, filed in the Circuit Court of Oregon County, Missouri, with having feloniously defiled a ward under eighteen years of age, on or about March 25, 1918, in said county, while confided to his care and custody. The defendant was formally arraigned, entered his plea of not guilty, was tried before a jury, and on August 31, 1922, the following verdict was returned:

"We, the jury, find the defendant E. E. Sanders guilty as charged in the information and assess his punishment at two years' imprisonment in the State Penitentiary."

Motions for a new trial and in arrest of judgment were filed and overruled. Judgment was rendered and sentence pronounced in accordance with the terms of said verdict, and defendant was granted an appeal to this court.

State v. Sanders.

The evidence in behalf of the State tended to prove that H. M. Megary was the step father of prosecutrix, Laconnie Megary, a female under the age of eighteen years; that about September 18, 1918, defendant came to the father of prosecutrix, and requested him to permit her to live with him (defendant) and wife, during the school term, so she could attend school; that defendant was to pay her tuition, so that she might be company for appellant's wife during the nights; that said stepfather permitted prosecutrix to move to the home of defendant, about the 4th or 5th of September, 1918, and she stayed there until March, 1919, at which time she left, and attended the Normal School at Alton, Missouri, for about three months, after which she taught school for about three months at Bartlett, then returned home, and gave birth to a child on December 6, 1919; that she did the housework for her board while staying at defendant's home, and attended school; that about the 1st day of March, 1919, while the defendant's wife was away from home, the appellant had sexual intercourse with prosecutrix; that she stayed at defendant's home for about two weeks after said intercourse, and returned to her home; that after returning home, she wrote and told defendant of her pregnancy, and in reply to her letters she received about three letters from him, in which he advised her not to worry about her condition. He told her he could get a doctor, directed her to meet him at a certain place, and said the doctor would relieve her; that defendant approached one Roy Davis, and offered him $50 if he would testify that he had taken the prosecutrix "down on the tracks;" that defendant told James Kirby he (defendant) had had intercourse with prosecutrix, and did not deny it. He said any other man would have done the same thing. He told Robert Baty he had had sexual intercourse with prosecutrix more than a dozen times.

The evidence in behalf of defendant tended to show that the arrangement for prosecutrix to come to his house

was not made by him, but by his wife; that he never had any improper relations with prosecutrix; that his wife never left home but once, and that was in October; that he and prosecutrix did not get along well together and quarreled. The defendant denied that he ever had sexual intercourse with prosecutrix. He likewise denied having the conversations detailed by Davis and Kirby.

The instructions and rulings of the court, as far as necessary, will be considered later.

I. This case is here on defendant's second appeal. The cause was reversed and remanded on the former appeal, because the trial court had permitted defendant, by consent, to be tried by. eleven jurors. The proceedings in the former case will be found reported in 243 S. W. 771 and following.

The first error assigned, is in respect to the giving of Instruction One in behalf of the State. This instruction was assailed on the former appeal, was set out at **Ward: Sufficient Evidence.** length by Judge WALKER at page 771 of 243 S. W. Reporter and, in express terms, held to be good. Its sufficiency is now challenged on the alleged ground that there is no evidence in the case showing that the prosecuting witness was confided to the care and protection of defendant. In 243 S. W. at page 772, WALKER, J., in considering this question, said: ''The testimony introduced by the State was simple and direct. The girl was intrusted to the care of the defendant for the purpose of attending school, and while a member of his household he seduced and carnally knew her.''

The State, at the last trial, produced clear and substantial testimony tending to establish the guilt of defendant. According to the testimony of testatrix, the defendant's wife was not at home, and appellant, in his wife's absence, seduced the prosecutrix and had sexual intercourse with her.

The above contention is devoid of the slightest merit and overruled.

II. It is suggested by appellant that the court erred in refusing to grant him a continuance of the cause. The record proper shows that an application for a continuance was filed and overruled. The bill of exceptions does not contain a copy of said application, nor the exhibits attached thereto. Nor does the bill of exceptions call for said application or the attached exhibits. It has become elementary law in this State that the bill of exceptions is the depositary for all matters of exception which occur during the progress of the trial. The application for a continuance and the attached exhibits should have been called for, or set out in the bill of exceptions. The action of the court in overruling the application should have been incorporated in the bill. In view of the record before us there is nothing for review here in respect to the application for a cotinuance. [Hunicke v. Meramec Quarry Co., 212 S. W. (Mo.) l. c. 348; State v. Baugh, 217 S. W. (Mo.) l. c. 280-1 and numerous cases cited; State v. Dickey, 231 S. W. (Mo.) l. c. 584; Kline Cloak Co. v. Morris, 240 S. W. (Mo.) l. c. 100; State v. Langford, 240 S. W. (Mo.) l. c. 168; State v. Barker, 242 S. W. (Mo.) l. c. 410.]

The foregoing authorities are conclusive against appellant, and preclude us from considering the application for a continuance.

III. It is contended by appellant that the verdict is against the evidence. We have heretofore stated that there was substantial evidence offered at the trial which warranted the jury in finding defendant guilty of the charge lodged against him in the information. Sufficient Evidence. It is not the province of this court to pass upon the weight of the testimony. Two juries have passed upon his guilt and, suffice it to say, they had ample testimony upon which to base their respective conclusions.

IV. We have carefully considered the instructions given by the court and find them all to be correct, except

Use of Force.

Instruction Seven, given on behalf of defendant, which is palpably erroneous. It reads as follows:

"The court instructs the jury that if you believe and find from the evidence in this case that the defendant had sexual intercourse with the witness Laconnie Megary, but that said intercourse was accomplished by force on the part of the defendant and against the will of the said Laconnie Megary, you will find the defendant not guilty, and whether or not such intercourse, if you believe it was had, was by force or otherwise you are to determine from all the facts and circumstances given in evidence."

Section 3260, Revised Statutes 1919, under which the defendant was indicted, reads as follows:

"If any guardian of any female under the age of eighteen years, or any other person to whose care or protection any such female shall have been confided, shall defile her, by carnally knowing her, while she remains in his care, custody or employment, he shall, in cases not otherwise provided for, be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not exceeding one year and a fine not less than one hundred dollars."

If the prosecutrix was under the care and custody of defendant while under eighteen years of age, and he had sexual intercourse with her during said time, either with or without force, he was guilty under the provisions of above section. [State v. Knock, 142 Mo. l. c. 520; State v. Hamey, 168 Mo. l. c. 197 and following; State v. Volz, 269 Mo. l. c. 199; State v. Bowman, 272 Mo. l. c. 497.] The defendant, however, is in no position to complain of said erroneous instruction, given in his behalf.

V. We are of the opinion that the other instructions given, aside from number seven supra, properly declared all the law that was necessary for the consideration of

Instructions.

the jury in passing upon the merits of the case. No error was committed in refusing instructions ten to fifteen inclusive, asked by defendant.

VI.  After carefully reading the record, we are satis-
fied that defendant received a fair and impartial trial,
before a conservative jury; that no adverse rulings were
**Fair Trial.** made against him of which he can legally
complain; that he was convicted on substan-
tial testimony, and received light punishment for the
crime which he had committed.

The judgment below is accordingly affirmed.  *Higbee,
C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY,
C., is adopted as the opinion of the court.  All of the
judges concur.