## THE STATE v. HARRY KNIGHT, Appellant.

### Division Two, January 6, 1926.

1. **JURORS: Motion to Quash Panel: Not Made Part of Bill of Exceptions.** A motion to quash the panel of forty jurors, set out as a part of the record proper, but not set out in the bill of exceptions nor called for therein, is not for review on appeal. To entitle it to consideration on appeal it should be set out or called for in the bill of exceptions, which should also show an exception saved to the action of the trial court in overruling it.

2. ———: **Failure to Call All of Regular Panel: Statutes:** The irregularity of the sheriff in failing to call six of the regular panel in making up the *venire* of forty, although they were present in the court room, if unintentional, and no objection was made to the twelve jurors who tried the case, and they appear to have been qualified and satisfactory to all parties, did not injure defendant, and is no ground for reversal. Nor do the statutes (Secs. 6621, 6636, R. S. 1919) authorize this court to grant a new trial on the ground that the six were not called, for those statutes are directory only.

3. **SHERIFF: Misconduct: Taking Jury for Ride.** An assignment that the sheriff was guilty of misconduct in taking the jury for a ride, on Sunday during the progress of the trial, through townships bordering on the county in which the homicide was committed, after the court had instructed him not to summon any of the special jurors from those townships, where they were not permitted to separate, talked to no one in those townships or elsewhere, no one talked to them, and the evidence shows no conversation they had with each other, is trivial and devoid of merit.

4. **FAIR TRIAL: Re-reading Instructions: Preserved only by Motion.** A complaint that the trial court re-read some of the instructions to the jury is not preserved for review if such conduct is made manifest only by the motion for a new trial. If the bill of exceptions fails to show that the court re-read the instructions, or if it shows such fact but fails to show an exception saved thereto, such a complaint cannot be considered on appeal. A motion for a new trial does not prove itself, or any fact stated therein, and under such circumstances the appellate court has before it no fact to sustain the complaint.

5. **INSTRUCTION: Failure to Include Self-Defense: Denial of Assault.** Where defendant denies that he made an assault upon deceased and tries his case throughout on that theory, he cannot on appeal convict the trial court of error in failing to instruct on the law of self-defense, and especially where no instruction on the subject is asked.

6. ———: ———: **Motion for New Trial.** Defendant must call attention in his motion for a new trial to the failure of the court to instruct on self-defense, if he desires to have that failure considered on appeal. And an assignment in the motion that "the court erred in not instructing the jury upon all the law in the case" does not raise the point that the trial court failed to instruct on the law of self-defense, where the defendant denied that he made an assault upon deceased and tried his case throughout on that theory and asked no instruction relating to self-defense. Such an assignment,

in order to possess any value, must in some way specify upon what point the court failed to instruct.

Criminal Law, 16 C. J., Section 2299, p. 936, n. 75; Section 2685, p. 1175, n. 2 New; 17 C. J., Section 3349, p. 87, n. 43, 44; Section 3351, p. 89, n. 70; p. 90, n. 75; p. 91, n. 76; Section 3421, p. 132, n. 87; Section 3422, p. 138, n. 46, 48; Section 3461, p. 169, n. 7 New; Section 3628, p. 289, n. 13. Homicide, 30 C. J., Section 570, p. 322, n. 65; p. 323, n. 66; Section 627, p. 380, n. 92; p. 381, n. 93; Section 640, p. 396, n. 18. Juries, 35 C. J., Section 282, p. 296, n. 79.

Appeal from Henry Circuit Court.—*Hon. C. A. Calvird,* Judge. ·

AFFIRMED.

*Harry Friedberg, Harold P. Ragland* and *Frans E. Lindquist* for appellant.

(1) The circuit court erred in overruling the defendant's motion to discharge the jury. Secs. 6621, 6636, R. S. 1919. (2)· The court erred in not giving the jury proper instructions as to the law governing the case. Sec. 3223, R. S. 1919; State v. Sillbaugh, 250 Mo. 308; State v. Gabriel, 301 Mo. 365; State v. Jones, 273 S. W. 830; State v. Williams, 274 S. W. 50. (3) This cause must be reversed and remanded for failure to properly instruct on the law of self-defense. State v. McNamara, 100 Mo. 105; State v. Helton, 234 Mo. 564; State v. Wicker, 222 S. W. 1014; State v. Gabriel, 301 Mo. 365; State v. Jones, 273 S. W. 730.

*Robert W. Otto,* Attorney-General, for respondent; *C. E. Curtis* of counsel.

(1) The court committed no error in overruling defendant's motion to quash the panel of jurors. The statute providing for the impanelling of juries in criminal case is merely directory, and a failure to comply with its provisions will not be ground for a new trial, in the absence of circumstances from which it may be inferred that defendant has been prejudiced thereby. There was no showing of any prejudice in this case. State v. Riddle, 179 Mo. 287; State v. Hayes, 262 S. W. 1036; State v.

Jackson, 227 S. W. 649; State v. Jackson, 167 Mo. 291; State v. Gleason, 88 Mo. 582; State v. Breen, 59 Mo. 413; Bank v. Durrill, 61 Mo. App. 543; Blankenship v. State of Okla., 139 Pac. 840; 17 C. J. p. 290, sec. 3629. (2) The court committed no error in overruling defendant's motion for new trial because the jury, in custody of the sheriff, went from Henry County to Johnson County during the trial of the defendant. Where the jurors are not subjected to improper influences it is not misconduct that the jury in a body, while in charge of an officer, is taken beyond the confines of the county  Since no separation was shown, the burden was upon the defendant to show circumstances from which improper influence and prejudice were the just inferences. This was not done. 16 C. J. p. 1073, sec. 2519; State v. Spaugh, 200 Mo. 608; State v. Tarwater, 293 Mo. 291; State v. Prince, 258 Mo. 328; State v. Baber, 74 Mo. 292; State v. Perry, 44 N. C. (Busb.) 330; Thompson v. Commonwealth, 8 Gratt (Va.) 637.   (3)   Appellant's assignment to the effect that the court committed error in re-reading a part only of the charge to the jury upon their failure to agree after deliberation, is not here for review. Allegations in a motion for new trial do not prove themselves. There is nothing in the record to show the occurrence of the fact of which appellant claims error. Reference to this matter appears only in the motion for new trial. This is not sufficient. State v. Williams, 263 S. W. 197; State v. Creely, 254 Mo. 382, 397; State v. Langford, 293 Mo. 436; State v. Foster, 115 Mo. 448; 16 C. J. p. 1225, sec. 2743.   (4)   The court did not commit error by failing to instruct on the theory of self-defense. There was no evidence which would require such instruction. The defendant denied that he struck the deceased and killed him. He offered no evidence of self-defense. State v. Lemon, 263 S. W. 186; State v. Jenkins, 178 S. W. 91; State v. Kritschmar, 232 Mo. 29; 13 R. C. L. sec. 119, p. 813; State v. Pleake, 177 S. W. 357. Defendant can't complain of court's failure to instruct on law of

self-defense; he made no such request.  State v. Reich, 293 Mo. 425; State v. Gaultney, 242 Mo. 388.

RAILEY, C.—On August 31, 1923, the Prosecuting Attorney of Johnson County, filed in the circuit court of said county, a verified information, charging therein that, on June 23, 1923, the defendants, Harry Knight (*alias* Falkner Knight), Guy Knight, Frank Carey and Chester Kerr, did feloniously, willfully, deliberately, premeditatedly and of their malice aforethought, kill and murder George McCormick in Johnson County, Missouri. On September 3, 1923, defendants waived arraignment and plead not guilty.  A change of venue was granted defendants and the cause sent to Henry County Circuit Court.  On March 31, 1924, defendant Harry Knight appeared with his attorney in the Henry County Circuit Court, and filed a motion for a severance, which was by the court sustained.  Appellant again entered a plea of not guilty, and announced ready for trial.  On April 3, 1924, he filed a motion to quash the panel of forty jurors, and to discharge them.  This motion is set out as a part of the record proper, and was overruled by the court.  It is not set out in the bill of exceptions, nor is it called for therein.  On April 9, 1924, the jury before whom the case was tried returned into court the following verdict:

"We, the jury find the defendant guilty of murder in the second degree and assess his punishment at imprisonment in the Penitentiary for a term of 15 years."

On April 12, 1924, defendant filed motions for a new trial and in arrest of judgment, both of which were overruled.  Thereafter, on April 14, 1924, he was granted allocution, judgment rendered, sentence pronounced in conformity to said verdict, and on the same day an appeal was allowed defendant to this court.

The general facts are correctly and substantially stated by counsel for respondent as follows:

The evidence on behalf of the State tended to show the following facts;

In the town of Holden, Jackson County, Missouri, George McCormick and Ben Knight were neighbors, owning adjoining lots. Their homes were located on Main Street. Knight's family consisted of his wife, defendant and two other children. Knight lived just south of McCormick, and owned about thirty acres of land in Holden. He raised hogs on this land. Some of his hogs had gotten out and damaged McCormick's garden. The latter had killed some of the hogs. He had been arrested for this at the instance of the Knights (Ben Knight and the defendant). This affair had caused a bitter feeling between the two families, and they had quarreled more or less about the hogs getting out. Such was the state of affairs, up to and immediately preceding the killing of George McCormick on June 23rd. The evidence shows further that on the evening of June 23, 1923, between the hours of five and six o'clock, the deceased, George McCormick, was at his home in Holden. A Mr. Smith was a visitor there on that day. The deceased and Mr. Smith were on the back porch of deceased's home when a car drove up in front of the house and stopped. One of the occupants of the car called for McCormick to come out. The latter, who was repairing a violin, put down the violin and started out in front. The defendant, Harry Knight, came from the car over toward the deceased, and began a conversation relative to the killing of Ben Knight's hogs. When within a few feet of the deceased, the defendant started to put his hand to his hip, as if to get a gun, and the deceased knocked him down. Ben Knight and Guy Knight then got out of the car and assaulted McCormick. The evidence upon the part of the State shows next, that the deceased was lying on the ground and was being kicked by the Knights. At this time, Harry Knight, the defendant, hit the deceased over the head with the butt of his revolver. McCormick was then dragged from his potato patch opposite the house to the sidewalk, and left there. His clothes were torn and his body severely bruised. About this time Ben Knight started for the car, which had in the first place

been parked in the street southwest of the house, and got something out of it and started back toward deceased, saying, "By God, if you can't finish him, I will." At this moment, Lowell McCormick, a son of the deceased, shot Ben Knight. The defendant and the other men then got back into the car, put Ben Knight on the running-board, drove on up to their house, and laid Ben Knight on the grass nearby. Defendant and his companions then left town. Defendant was arrested a few days later in Mobile, Alabama.

The evidence on the part of the defendant tended to prove the following:

On the day of the killing the defendant was in Kansas City. He and his brother, Guy, and two or three friends of theirs, started to Holden; on their way down, at Kingsville, Missouri, they saw Ben Knight, their father, and he got in the car with them to go to Holden. When they got in front of George McCormick's house, they saw some of their hogs in the street and defendant got out of the car to head the hogs. Defendant's mother and sister were coming after the hogs. Just as Harry Knight started to head the hogs, the deceased came across the street and said he would kill all of them as he had killed the hogs. This was said after Harry had asked McCormick about his killing some of their hogs. McCormick then knocked Harry Knight down. Guy Knight got out of their car and McCormick knocked him down, also. While McCormick was fighting with Guy Knight, Frank Kerr and Harry Carey, Ben Knight hit him over the head with a wrench from which blow he died. Lowell McCormick or Mr. Smith then shot Ben Knight. The defendant and his companions then left the scene of the action.

I. The information is in proper form. Counsel for appellant in their reply brief concede that it is sufficient and, hence, we have not set it out or cited authorities sustaining same.

Information.

312 Mo. Sup.—27.

II.  The court is charged with error in overruling appellant's motion to quash the panel of forty jurors and to discharge them.  The motion referred to under this assignment is set out in full as a part of the record proper, but it is not set out in the bill of exceptions, nor is it called for therein.  The ruling of the trial court in respect to said motion is not the' subject of review here, as the motion is not set out or called for in the bill of exceptions. [State v. Forshee, 274 S. W. l. c. 422 and cases cited; State v. Cobb, 273 S. W. l. c. 738 and cases cited; State v. Brown, 262 S. W. l. c. 710-11; State v. Sadowski, 256 S. W. l. c. 755; State v. Sanders, 299 Mo. 192, 252 S. W. l. c. 634; State v. Baugh, 217 S. W. l. c. 280; State ex inf. v. Morgan, 268 Mo. l. c. 270-1 and cases cited.]  In other words, the motion to quash the panel should have been set out or called for in the bill of exceptions.  The latter should also have shown that an exception was noted as to the action of the court in overruling same.

*Jurors: Motion to Quash Panel.*

(a)  Aside from the foregoing, we find after wading through the 399-page carbon typewritten copy of the bill of exceptions, without any index, that the first twenty pages of same related to the oral objections of appellant as to the panel of jurors called to try the case.  It is contended by him that six of the regular panel were not called in selecting the jury, although present in court, and that by reason thereof, the entire panel should have been quashed.  We have carefully read the evidence taken by the circuit court on this subject, and think the court was right in holding that appellant was not injured by the action of the officers in failing to call the six jurors to serve in said cause.  The irregularity of the officers in calling the jurors, if it can be considered such, was unintentional, and no objection whatever was made to the regular panel of twelve jurors who tried the case.  So far as the record discloses, the twelve selected to try the case were qualified and satisfactory to all parties concerned,

Our attention is called to Sections 6621 and 6636, Revised Statutes 1919, as furnishing a basis for above assignment. The above sections have been held to be directory only, and on the facts disclosed in this record, would not warrant this court in granting a new trial. [State v. Bleekley, 18 Mo. 428; State v. Pitts, 58 Mo. 556; State v. Breen, 59 Mo. 413; State v. Ward, 74 Mo. 253; State v. Gleason, 88 Mo. 582; State v. Matthews, 88 Mo. 121; State v. Jennings, 98 Mo. l. c. 497; State v. Albright, 144 Mo. 638; State v. Jackson, 167 Mo. l. c. 295; State v. Riddle, 179 Mo. l. c. 293-4; State v. Stewart, 274 Mo. l. c. 656-7; State v. Hayes, 262 S. W. l. c. 1036.]

We are of the opinion that the trial court listened with patience to the foregoing contention of appellant, and was not guilty of an abuse of judicial discretion in overruling the above assignment of error.

III. It is contended that appellant was entitled to a new trial for the alleged reason that the Sheriff of Henry County was guilty of misconduct during the progress of the trial, on a Sunday, in driving the jury from Clinton, in Henry County, through the townships bordering on Johnson County, and even into Johnson County.

At the instance of defendant, the court had instructed the sheriff not to summon any of the special jurors from the townships bordering on Johnson County. It is not even suggested, much less charged, that any of the jurors were permitted to separate from their companions, or that they even saw any man or woman in Johnson County or in any of the townships next to Johnson County. The bus driver, who took the officer and jurors for a ride, simply testified that he drove them from Clinton to Leeton and Post Oak in Johnson County, and to Windsor in Henry County, Missouri. He mentioned no conversation that any of the jurors had with each other, or with anybody else. There is not a syllable of evidence in the record tending to show any misconduct on the part of the jury or any

<div style="margin-left: 2em; font-size: smaller">Sheriff:<br>Misconduct.</div>

member thereof, nor does it appear that they talked to any one, or that any person talked to them.

The foregoing assignment is trivial in its nature and is devoid of the slightest merit.

IV. In his reply brief, counsel for appellant complain of alleged action of the court in re-reading some of the instructions to the jury. This is complained of in paragraph 23 of the motion for a new trial. Outside of the above paragraph there is not a word in the bill of exceptions tending to show that the court did anything of the kind. The bill of exceptions would also have to show that an exception was taken to the action of the court, if it was proceeding erroneously. Suffice it to say, however, that a motion for a new trial does not prove itself and, hence, the alleged complaint, without evidence to support it, is not the subject of review here. [State v. Williams, 263 S. W. l. c. 197; State v. Langford, 293 Mo. l. c. 441; State v. Smith, 256 S. W. l. c. 1027 and cases cited; Kline Cloak & Suit Co. v. Morris, 293 Mo. 478.]

*Re-reading Instructions.*

V. The trial court is charged with error in failing to instruct the jury on the law of self-defense. In passing upon this question, it is necessary to consider the evidence, what occurred at the conclusion of the testimony, and the motion for a new trial.

*Failure to Instruct on Self-Defense.*

We have carefully read the entire bill of exceptions from cover to cover, and do not find that there is even the slightest suggestion to the effect that defendant assaulted George McCormick with a pistol in defense of his person. On the other hand, it appears from the record throughout that defendant was insisting that he did not assault McCormick with a pistol or otherwise, and that some one else killed McCormick. He testified in chief, as follows:

"I heard some one, some man holloa hello, and call my name, and I looked around, and says, 'Hello, Mack'

and Pa says to me, says: 'Don't speak to that d— s—
of a b—,' he says he had been killing the hogs.  And I
says, 'Mac, you ain't been killing the hogs, have you?'
And he says, 'Yes; and I will kill every damned one of
you', just that way; and I had no time to realize, that's
the fact about it; well, he just knocked me down, that's
all, I just went down.''

His cross-examination immediately followed:

''Q.   That's all you knew then is it; is when he
knocked you down?   A.   That's all I knew at the time,
Judge Bradley; I heard of the trouble.

''Q.   Didn't see any of the rest of the fight; or
nothing?   A.   Absolutely no; well I seen, after my
brother Guy helped me up, I was staggering around there
and was kind of dizzy yet, and I seen a fellow by the name
of T. D. Smith, was standing at the door there, just like
this (ind.), with a shot gun, and about that time I heard
the report of a gun; and I seen my father slap his hand,
that way (ind.), my father run up to about twenty-five
feet of me, and I seen my father slap his hand on his
hip, like that (ind.) ; and I went and got in the car.

''Q.   You didn't get up, until you got up and went
to the car?   A.   No, sir.''

In other words, defendant denied that he ever as-
saulted McCormick.  He did not admit that he assaulted
McCormick with a pistol, nor claim that in so doing he
acted in self-defense.  No intimation was given the trial
court that defendant relied upon self-defense, or desired
instructions on that subject.  Aside from the foregoing,
he did ask instructions which were refused which con-
tain no reference to self-defense.  The motion for a new
trial contains thirty-five assignments of error, and not a
single one of them even mentions self-defense, or com-
plains of the court's failure to instruct on that subject.
His defense consisted in a denial of the assault, and that
was the theory of the defense throughout the case.

We have not had our attention called to any case in
this State, or elsewhere, which would warrant us in con-
victing the trial court of reversible error in failing to

instruct the jury as to the law of self-defense, under the circumstances of this case. [State v. Lemon, 263 S. W. l. c. 189; State v. Jenkins, 178 S. W. l. c. 93; State v. Kretschmar, 232 Mo. l. c. 42; State v. Zorn, 202 Mo. l. c. 41-2.]

These cases hold in legal effect that where defendant denies he made an assault on deceased, and tries his case on that theory, he cannot convict the court of error in failing to instruct on the law of self-defense and, especially, where no instruction is asked on the subject, as in this case. [State v. Reich, 293 Mo. l. c. 425; State v. Gaultney, 242 Mo. 388.]

(a)    In addition to foregoing, it is elementary law in this State that the defendant must call attention in his motion for a new trial to the failure of the court to instruct on self-defense, if he desires to have that question reviewed here. [State v. Gurnee, 274 S. W. l. c. 60; State v. Burrell, 298 Mo. l. c. 679; State v. Taylor, 267 Mo. 41; State v. Snyder, 263 Mo. l. c. 668; State v. Douglas, 258 Mo. l. c. 289, 290, 294; State v. Harris, 245 Mo. 445; State v. Gifford, 186 S. W. l. c. 1060.]

VI.    It is undisputed that no instruction was asked relating to self-defense, nor does the motion for a new trial either directly or otherwise even mention self-defense. The motion for a new trial, under paragraph five, contains the following: "The court erred in not instructing the jury upon all of the law in the case."

On All Law of Case.

It is claimed by appellant that by virtue of Section 4025, Revised Statutes 1919, the trial court had constructive notice that defendant desired an instruction on self-defense, although he denied at the trial that he made any assault, and asked no instruction relating to self-defense.

The above clause in a motion for a new trial is absolutely without value in a case of this character. The trial court is entitled to know, by referring to the motion for a new trial, what ground appellant is urging in

support of same, in order that the trial court may have an opportunity to correct its error, if one has been made, and to grant a new trial without the necessity of appealing the case. Hence, we have repeatedly ruled that the motion for a new trial "must specify upon what point the court failed to instruct," as was done in State v. Burrell, 298 Mo. 1. c. 679, in which the motion for a new trial complained of the court's failure to instruct on manslaughter.

In State v. Douglas, 258 Mo. 281, a new trial was granted, because appellant pointed out in his motion for a new trial that the court had failed to instruct on reasonable doubt.

In State v. Lee, 288 Mo. 1. c. 49-50, we held that an omnibus clause like the above was without merit.

In State v. Taylor, 267 Mo. 1. c. 48, WILLIAMS, J., said: "The fourth ground complains because the court failed to instruct the jury as to all the law arising upon the issues in the case. Since the above does not specify upon what point the court failed to instruct, it does not raise a point for appellate review."

In State v. Chissell, 245 Mo. 1. c. 555, KENNISH, J., in considering the question before us, said: "One ground of the motion is that 'the court erred in not instructing the jury on all of the law in the case.' Under the doctrine of the recent cases of State v. Conway, 241 Mo. 271, and State v. Dockery, 243 Mo. 592, the defendant is required to call the court's attention particularly, in the motion for a new trial, to the question upon which the court failed to instruct the jury, in order to entitle him to a new trial upon such ground."

It would serve no good purpose to extend this branch of the argument further. We are cited to no case in this State which holds to the contrary of above authorities, on a record like the one before us, and would refuse to follow it if one were presented.

The above clause standing alone, is of no value whatever in a motion for a new trial and presents nothing for review in this court.

VII. A general objection was made by appellant to all the instructions given, yet no specific objection was made to any of them. Although the motion for a new trial contains thirty-five alleged assignments of error, it will be perceived on reading same, that no attack is made on any of the instructions given by the court. They cover murder in the first degree, murder in the second degree and manslaughter. They are exceedingly liberal, fair to defendant, and properly declared all the law that was necessary for the jury to have, in passing upon the merits of the case.

*Correct Instructions.*

The issues were sharply defined as shown in Instruction 9, which reads as follows: "Unless the jury believe and find from the evidence, beyond a reasonable doubt, that the defendant, Harry Knight, killed George McCormick by striking him on the head with a pistol, then you will find the defendant not guilty."

The jury had before them clear and substantial evidence tending to show the guilt of defendant as charged in the indictment and recorded in their verdict.

VIII. Only two instructions were asked by appellant, both of which were properly refused. Number one, related to the law of conspiracy, and had no place in the case. The other, was a demurrer to the evidence and properly overruled.

*Refused Instructions.*

IX. We have with painstaking care examined all the questions presented in this case, and have reached the conclusion that defendant was properly tried and convicted on substantial evidence, and that no error appears in the record of which he can legally complain. The judgment of the lower court is accordingly affirmed. *Higbee, C.,* concurs.

*Conclusion.*

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.