STATE of Missouri, Respondent,

v.

Thomas James ROBERTS, Appellant.

No. 51636.

Supreme Court of Missouri,
Division No. 2.

March 14, 1966.

Norman H. Anderson, Atty. Gen., Thomas J. Downey, Asst. Atty. Gen., Jefferson City, for respondent.

Thomas J. Roberts, pro se.

FINCH, Judge.

Defendant was found guilty by a jury of assault with intent to kill with malice aforethought and upon a finding by the trial court of a prior felony conviction was sentenced by the court to life imprisonment. The judgment was affirmed on appeal. State v. Roberts, Mo., 332 S.W.2d 896. The evidence was detailed in that opinion.

On February 24, 1965, defendant filed in the Circuit Court of the City of St. Louis what is captioned "Petition for Certificate of Probable Cause. Title 28 U–S–C. Section 2253, To The Circuit Court's City of St. Louis, Missouri, 6–23–1964 Motion To Vacate Sentence and Judgments. No. 193." In the body of the petition reference also is made to Rule 27.26 of the Criminal Rules of this Court (V.A.M.R.). The petition was treated by the trial court and will be treated by us as a petition to vacate judgment and sentence pursuant to Rule 27.26. State v. Campbell, Mo., 307 S.W.2d 486. The trial court denied the petition without a hearing, and this is an appeal from that order.

The defendant's petition asserts that he was convicted under the so-called Habitual Criminal Act, § 556.280, RSMo 1959 and V.A.M.S., and that such Act was declared to be unconstitutional in State v. Watson, Mo., 383 S.W.2d 753. That case did not hold said Act to be unconstitutional. It held merely that the information upon which defendant was tried in that case was insufficient to invoke the provisions of the

Habitual Criminal Act. The amended information on which defendant herein was tried and convicted was sufficient to charge him under § 556.280 with conviction of a prior felony. There is no merit in this contention of defendant.

The remaining parts of defendant's petition consist of general statements such as "Missouri is facing a sever crisis in law enforcements, prosecution and administration of justice" and "The Court's need to adopt a fresh approach to the State's legal problems and instill new life in their Office." Much of the petition simply is unintelligible. It does not state facts sufficient to entitle petitioner to any relief. Under these circumstances the trial court properly overruled the petition without granting defendant a hearing thereon. State v. Childers, Mo., 328 S.W.2d 43; State v. King, Mo., 380 S.W.2d 370, cert. den. 379 U.S. 979, 85 S.Ct. 681, 13 L.Ed.2d 569.

The order of the trial court overruling the motion to vacate sentence and judgment is affirmed.

All of the Judges concur.