Eugene S. Heitman, Webster Groves, for appellant.

**STATE of Missouri, Respondent,**

v.

**Arthur Lee TURNER, Appellant.**

**No. 53889.**

Supreme Court of Missouri,
Division No. 1.

April 13, 1970.

HIGGINS, Commissioner.

Arthur Lee Turner, with two prior felony convictions, was charged with operating a motor vehicle without permission of the owner. A jury convicted him and the court fixed his punishment at 3 years' imprisonment. Sections 556.280, 560.175, and 560.180, V.A.M.S.

Margaret Flotte owned a gray 1962 Buick automobile which was stolen after she had parked it at 4539 Olive Street, St. Louis, Missouri, at 6:00 to 6:30 p. m., January 25, 1968. She next saw her automobile in police custody at Delmar and Newstead in St. Louis about 12:30 a. m., January 26, 1968.

Officers Nieman and Amelung of the St. Louis Police Department observed Arthur Lee Turner driving Mrs. Flotte's Buick at about 11:15 p. m., January 25, 1968, at Enright and Taylor and stopped him for a

traffic violation. The driver's 15-year-old half brother, Earnest Jefferson, was riding in the Buick as a passenger. The officers checked with their headquarters and learned the Buick had been reported stolen and appellant was then arrested. Appellant told the officers that a friend, Leo Jackson, had loaned the automobile to him but, when questioned by the officers, Mr. Jackson denied ever seeing Arthur Lee Turner and that he had given him the use of any car.

Appellant's own testimony was that his 15-year-old half brother Earnest Jefferson, "take me to the front window and point the car out. I said whose was it. He told me, one of his friends." Earnest operated the automobile from the home at 4433 Washington to a tavern on Taylor and appellant operated it on the return trip when the arrest was made. He told the officers "it was leant to me." He knew that Earnest had no operator's license.

Earnest Jefferson denied telling Arthur that he had borrowed the car from a friend, and Mrs. Flotte had never given appellant permission to use her automobile.

Appellant tacitly concedes the sufficiency of evidence to support the conviction.

■ Appellant's point is that the trial court erred in refusing to instruct on the essential element of criminal intent in driving, operating, and using a motor vehicle without the owner's permission in violation of Section 560.175, V.A.M.S. See State v. McLarty, Mo., 414 S.W.2d 315, 318 [5]. Appellant's argument is that there was evidence that the automobile in question was "leant" to appellant by his half brother and that the intent to operate an automobile without the owner's consent would have been lacking. He cites State v. Tate, Mo., 436 S.W.2d 716, in support of his argument, a reading of which suggests he is attempting to argue the reversible error in this type case in failing to instruct on the defense that the operation of the automobile was with the honest belief he had permission to do so from a person he in good faith believed to be the owner and was, therefore, without criminal intent. The difficulty with this position is that the point thus suggested is not preserved for review because it was not presented to the trial court by the motion for new trial. State v. Kelley, Mo.. 442 S.W.2d 539, 540 [1].

■ No objection was made at trial to the giving or refusal of instructions. The motion for new trial charges error in refusing defendant's offered instruction that "if you find * * * that Arthur Lee Turner did not knowingly with specific criminal intent drive and operate the motor vehicle * * * then you must return a verdict of not guilty." Error is also charged in failing to instruct on the intention required by defendant to commit the crime charged.

There is no prejudicial error in either respect because Instruction No. 1 adequately and fairly submitted that issue. State v. Wright, Mo., 336 S.W.2d 714, 718 [3]. It was even more specific than the refused instruction in that in order to convict under it, the jury had to find beyond a reasonable doubt that defendant "did unlawfully, wilfully and feloniously, drive, use and operate a certain motor vehicle * * * the property of Margaret Flotte, without the permission so to do of Margaret Flotte, the owner, etc.," and "wilfully," "feloniously," and "unlawfully" were properly defined.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court.

SEILER, P. J., HOLMAN, J. and HENLEY, Alt., J., concur.