**STATE of Missouri, Respondent,**

v.

**Freddie PRIGETT, Appellant.**

**No. 55874.**

Supreme Court of Missouri, Division No. 2.

June 28, 1971.

Motion for Rehearing or for Transfer to Court En Banc Denied Sept. 13, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Fred Leicht, Jr., Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for appellant.

STOCKARD, Commissioner.

A jury found Freddie Prigett, appellant herein, guilty of murder in the second degree. The Court, under the Second Offender Law, fixed the punishment at imprisonment for a term of twenty years. This appeal followed.

A jury reasonably could find from the evidence that after appellant had engaged in a dice game with Clinton Pierce an argument occurred when appellant desired to quit the game and thought he had fifty cents in change due him. Pierce produced a switch-blade knife and chased appellant across the street. Appellant then obtained a bedpost and returned to the place where Pierce was gambling in a doorway with other persons. According to appellant, he returned to obtain a dress which he had left in an adjoining doorway, and he took the bedpost for purposes of protection. What thereafter occurred is not entirely clear, but appellant, claiming self-defense, struck Pierce in the head with the bedpost, and a person by the name of Russell Cooper kicked Pierce in the head as he attempted to get up, and he then removed a wallet from Pierce's pocket. Appellant and Cooper left together, but were shortly thereafter placed under arrest. Pierce sustained multiple fractures of the head and died a few days later.

Appellant first contends that the trial court erred in submitting Instruction No. 2 on second degree murder because (1) it was confusing in that it "first told the jury that 'deliberation' was not an element * * * and subsequently required a finding that the assault was made 'deliberately;'" (2) the instruction "linked defendant's acts with those of Russell Cooper" and told the jury it could find appellant guilty if it "merely found that he was 'either acting alone or jointly with another' without a finding that defendant acted with such other person 'with a common intent' in the commission of the crime;" and (3) the reference to self-defense by appellant did not set forth proper guidelines because there was no differentiation between appellant's acts based on his self-defense testimony and those of Russell Cooper who obviously did not act in self-defense.

■ The trial court instructed the jury on murder in the first degree and also on murder in the second degree, and in the latter instruction the jury was told that "Murder in the second degree is the killing of a human being feloniously, willfully, premeditatedly, and with malice aforethought, but without deliberation." In the next paragraph of the instruction, the jury was told that if it believed that the defendant "either acting alone or jointly with another * * * did feloniously, willfully, deliberately, premeditatedly, and of his malice aforethought, make an assault upon * * *" etc. it should find him guilty of murder in the second degree. The inclusion of the word "deliberately" was erroneous. However, this contention of error was not presented to the trial court in the motion for new trial, and it is not such plain error affecting substantial rights as to call for relief pursuant to Rule 27.20(c), V.A.M.R. In fact, the error was favorable to appellant in that it required the jury to find more than the law required before it could render a verdict of guilty of murder in the second degree. In these circumstances there was no error prejudicial to appellant.

■ We do not agree with appellant's contention that the jury was told that it could find appellant guilty if it found only that he acted alone or jointly with another without finding that he acted with the other person with a common intent. All the instructions are to be read and considered together, State v. Vainikos, Mo., 366 S.W. 2d 423, and as such they constitute a single

charge. State v. Gailes, Mo., 428 S.W.2d 555. Instruction No. 1 provided that "all persons are equally guilty who act together with a common intent in the commission of a crime, and a crime committed by two or more persons acting jointly is the act of all and each one so acting." That part of Instruction No. 2, referring to appellant "either acting alone or jointly with another," must be read in connection with the quoted portion of Instruction No. 1, and when so read the instructions properly presented all that was required. See State v. Cooley, Mo., 387 S.W.2d 544.

■ Instruction No. 2 provided that "if you find that the assault, if any, made by the defendant upon Clinton Pierce was made in self-defense, as set out in Instruction No. 4, you will acquit the defendant, Freddie Prigett, of murder in the second degree." There is no challenge to Instruction 4, and we note that it correctly submitted that defense based on appellant's testimony. We find no error.

Appellant next contends that the court erred in submitting the case to the jury and overruling his motion for acquittal because the verdict was "against the overwhelming weight of the evidence," and there was "insufficient evidence that the victim's death was caused by a blow struck by defendant."

■ This court on appeal does not weigh the evidence, but only determines whether there was sufficient evidence, as a matter of law, to submit the case to the jury. In this case, as demonstrated by our previous statement of the facts, there obviously was a submissible case of murder in the second degree. We need not consider whether there was a submissible case of first degree murder because appellant was not found guilty of that offense. It is true that the jury could have found that appellant acted only in self-defense, but it resolved that issue contrary to appellant's contention.

There was testimony that Pierce died of multiple fractures of the head, that he would have had to have been hit at least once on each side of the head, that appellant hit him at least once with an eight pound bedpost, and that Cooper kicked him in the head. There was also sufficient evidence from which the jury could find that appellant and Cooper were acting together with a common intent in the assault on Pierce. In that event, as the jury was instructed, it was not necessary for the State to establish that it was the injury resulting from the blow struck by appellant that was the immediate cause of death.

Appellant's third contention is that the court erred in permitting the State to file, after the taking of all the evidence, a second substitute information in lieu of indictment to allege therein that in addition to the assault on Clinton Pierce being committed "with their fists and feet," it was committed "with their fists and feet and bedpost."

■ We note that in addition to the State's evidence, appellant testified that he struck Pierce with a bedpost. The amendment conformed the information to the proof as to the means used in making the assault which resulted in the death of Pierce, and the offense charged in the information both before and after the amendment was murder in the first degree. Therefore, the amendment was permitted by Criminal Rule 24.02, V.A.M.R. See also State v. Williams, Mo., 420 S.W.2d 280.

■ Appellant's next contention is that the trial court should have quashed the indictment because he "was denied the effective assistance of counsel during the critical investigative stage of the proceedings."

Appellant was charged with murder by indictment returned on October 9, 1969. He had been visited on September 4 by an attorney from the office of Public Defender when the only charge against him was robbery. He was represented by that attorney at arraignment on the charge of murder and a plea of not guilty was en-

tered. Special counsel was later appointed on October 15 when the office of Public Defender withdrew because the general policy of that office was to represent only those who had not previously been convicted of a felony. Appellant now contends that he should not have been tried for murder because his trial counsel was not appointed earlier so that he could investigate the circumstances while the witnesses could be found. In an affidavit, counsel related that he could not locate two persons, known to appellant only as Danny Boy and The Fish Man, who appellant believed to have been at the scene of the crime. He also asserted that a witness, Ida Gaines, had stated that her recall of the events was too vague to be used as a witness.

Appellant does not contend that his counsel needed more time to prepare for trial or that a continuance should have been granted. Although his trial counsel was appointed six days after the indictment was returned, his contention is, in effect, that he was denied effective assistance of counsel because the counsel who represented him when only a robbery charge was pending did not adequately investigate the facts pertaining to the subsequently filed murder charge, and that counsel appointed for the murder charge was handicapped in an investigation when he was not appointed until two months and one week after the death of Pierce.

The recitation of the facts and the contentions of appellant demonstrate the lack of merit. Without a demonstration of prejudice beyond mere speculation we find no denial of any constitutional right to effective assistance of counsel.

▮ Appellant next asserts that by being tried pursuant to § 556.280 RSMo 1969, V.A.M.S., known as the Habitual Criminal Act, (1) he was deprived of his constitutional right to trial by jury on the issue of punishment, (2) he was placed in double jeopardy for crimes for which he previously had been punished, and (3) he was denied due process and equal protection of the laws because he was forced "to take the stand to testify in an attempt to minimize the effect of his prior criminal record" which the jury would know about by virtue of him being tried as a second offender.

Each of these contentions has previously been ruled adversely to appellant's contentions, and we need not now again review or restate the applicable governing principles. For the answer to the contention concerning the right to trial by jury, see State v. Garton, Mo., 396 S.W.2d 581, and State v. Brownridge, Mo., 353 S.W.2d 715. For the answer to the double jeopardy contention, see State v. O'Brien, Mo., 252 S.W.2d 357, certiorari denied, 345 U.S. 929, 73 S.Ct. 790, 97 L.Ed. 1359. For the answer to the due process and equal protection contention, see State v. Wilwording, Mo., 394 S.W.2d 383; State v. Morton, Mo., 338 S.W.2d 858; and State v. Deutschmann, Mo., 392 S.W.2d 279. In addition, see generally State v. Maxwell, Mo., 411 S.W.2d 237; and State v. Roberts, Mo., 400 S.W.2d 175.

▮ Appellant's last contention is that argument of the counsel for the State was prejudicially erroneous. After counsel reviewed the facts and argued that those facts demonstrated guilt, the following occurred:

"There is no day goes by that you can't pick up a morning paper, an evening paper, a neighborhood paper, or any other paper in this city or any other major city of the country, that you can pick up a paper without reading crime after crime after crime.

Mr. Leicht: Objection, Your Honor, we are concerned with this matter right here; not with crime generally.

The Court: the objection will be overruled.

Mr. McDonald: There is not a day goes by but what we can do this. What is the purpose of a jury? To listen to

the facts and have you determine whether or not this man is guilty. Has he committed this murder? You have been here for three days; you have seen people coming in and out of this courtroom. Your decision is not going to end right here. Tomorrow morning throughout the neighborhoods people are going to know what you have decided, and believe me there will never be a way we can stop crime in this city, this state or this country, unless each and everyone of us take upon ourselves the responsibility of good citizens."

The guidelines pertaining to argument of this nature were presented in State v. Evans, Mo., 406 S.W.2d 612, 616–617. It was there held: "The necessity of law enforcement as a deterrent to crime, * * * [citing cases]; the evil results which flow to society from a failure of the jury to do its duty, * * * [citing cases]; and the responsibility of trial juries in the suppression of crime, * * * [citing cases] are legitimate arguments, as long as the prosecutor stays within the record and the reasonable inferences to be drawn therefrom, * * * and does not make an inflammatory appeal as to arouse the personal hostility of the jurors toward defendant, such as implanting in their minds the fear that defendant's acquittal will endanger their own personal safety or that of some member of their families. * * *. This is particularly true when * * * the request for a conviction is related to a finding of guilt." In State v. Cheatham, Mo., 340 S.W.2d 16, 20, this court said: "The other assignment is that the court improperly permitted state's counsel to argue 'the matter of crime in the community' when there was no evidence as to community crimes, all to the prejudice of the appellant. The matter particularly set forth in the assignment, crime in the community, was a legitimate appeal by the prosecuting attorney, he 'may illustrate the effect of their verdict on the community or society generally with respect to obedience to, and enforcement of, the law.'" Again, in

State v. Elbert, Mo., 438 S.W.2d 164, this court stated that "The prosecuting attorney has a right to call attention to the prevalence of crime in the community (crime rate), to urge the jury to do its duty and uphold the law, and to draw inferences from conditions resulting from failure to uphold the law." In this case the state's attorney called attention to the prevalence of crime as a basis for an appeal to the jury to perform its duty and uphold the law. The argument was not prejudicially erroneous.

The judgment is affirmed.

BARRETT, and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and HENLEY, Alternate Judge, concur.

FINCH, J., not sitting.