**STATE of Missouri, Respondent,**

v.

**Charles Ernest RAY, Appellant.**

**No. 56531.**

Supreme Court of Missouri,
Division No. 1.

May 8, 1972.

Motion for Rehearing or to Transfer to Court
En Banc Denied June 12, 1972.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Philip E. Draheim, St. Louis, for appellant.

GERALD M. SMITH, Special Judge.

Defendant was tried and convicted by a jury of burglary second degree. The court, upon finding the defendant to be a second offender, fixed his punishment at eight years imprisonment. Defendant appeals.

No contention is made that the evidence was insufficient to establish guilt and the record shows the sufficiency. Defendant's contentions are instead restricted to a claim that certain oral statements of his were improperly admitted into evidence and that the jury was improperly instructed on the question of intent.

The statements complained of were made to police officers after defendant had been arrested for another burglary. In essence they constituted admissions that he had burglarized Buschart Brothers (the crime for which he was tried) and included certain facts pertaining to the burglary such as method of entry, etc. Upon a hearing on the defendant's motion to suppress, police officers testified at length that defendant was given "Miranda" warnings twice and that no statement was made to him that he would not be prosecuted for any crimes to which he confessed. Defendant's testimony was that he was given no warnings although he requested them and that he was told that since the police had such a strong case on the charge upon which defendant was arrested he might as well confess to other crimes as he would not be prosecuted for them.

■ The court, in denying the motion to suppress, specifically stated its belief in the testimony of the police and found the admissions were made after proper warnings, were not induced by promises of immunity, and were voluntary. We are unable to conclude, as defendant does, that the testimony of the policemen to whom the admissions were made was inconsistent or unbelievable. Granting that the burden is upon the State to demonstrate that defendant knowingly and intelligently waived his privilege against incrimination and right to counsel and that such burden is heavy (Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694), the burden has been carried here.

■ In his motion for new trial defendant complained only of the court's failure to grant his motion to suppress. On appeal he now contends that the court erred in instructing the jury concerning the admissions on the basis that the only evidence on immunity before the jury was defendant's testimony that it had been promised. The present objection was not brought to the court's attention by a motion to strike, objection to the instruction, or in the motion for a new trial. It cannot be raised for the first time on appeal. State v. Turner, Mo.Sup., 452 S.W.2d 185 [1, 2]; State v. Demaree, Mo.Sup., 362 S.W.2d 500 [6–8]. But even if it could be considered, the defendant's testimony does not reflect that the admissions testified to were the result of any promise of immunity. Defendant consistently denied that he made any admissions concerning the Buschart Brothers burglary. The only burglary which he made admissions concerning, he said, was an entirely different one. This is not evidence which required the court to strike the officers' testimony or instruct the jury to disregard the admissions testified to by the officer.

■ The question of intent arose as the result of testimony of defendant and his girl friend that defendant suffered from black-outs, usually but not always, following excessive drinking. In his motion for new trial defendant complained of the court's refusal to give two instructions purportedly dealing with this issue. The first required an acquittal if defendant was involuntarily drunk so as to be unable to choose between right and wrong. The second required an acquittal if the jury found by reason of "involuntary drunkenness or other mental condition, [defendant was] unable to formulate the specific intent to steal or commit a crime." The court properly refused both instructions. There was not one shred of evidence that defendant was *involuntarily* drunk at the time of the crime. Nor do the black-outs evidence per se a mental condition sufficient to require an instruction on mental disease or defect. There was no medical evidence, and defendant's evidence established only that following the black-outs he could not remember what had happened or what he had done. This is not substantial evidence of a mental disease or defect excluding responsibility. State v. Olinger, Mo.Sup., 396 S.W.2d 617 [1].

The given verdict director properly submitted the element of intent and the court

did not err in refusing defendant's proffered instructions which were unsupported by evidence.

Judgment affirmed.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.