**John Edward ROWDEN, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. KCD26311.**

Missouri Court of Appeals,
Kansas City District.

April 2, 1973.

Mark D. Johnson, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Daniel P. Card, II, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., PRITCHARD, J., and HARRY A. HALL, Special Judge.

HARRY A. HALL, Special Judge.

Appellant was found guilty of manslaughter by a jury and was sentenced by the court to imprisonment for a term of ten years, which judgment was affirmed on appeal. State v. Rowden, 452 S.W.2d 210 (Mo.1970). Thereafter appellant filed a motion under Criminal Rule 27.26, V.A. M.R., to vacate said judgment and sentence, which was denied by the trial court following an evidentiary hearing and he has appealed to this court.

He alleges that he was denied "a fair trial" because of the inadequate and inef-

fective assistance of his trial counsel in failing to assign error in his motion for new trial to the giving of Instructions 2 and 4 offered by the State, and in offering Instruction 5 on behalf of the defendant.

These issues require a consideration of the evidence, which discloses that on the evening of November 15, 1967, appellant, his brother, James Rowden, Aaron Robinson, Bruce Scott, Charles Durant, and Winford Ray Durant drove to Westport High School in Kansas City, Missouri, in Robinson's car, and while en route appellant displayed a loaded pistol which he carried tucked under his belt beneath his coat. None of them attended any class at the school, but they milled around in the building until about 9 o'clock, when they all went outside near the school entrance.

Primitivo Garcia, the victim, and his younger brother had attended an English class at the school. Shortly after leaving the building they observed Mrs. Kinderman, a teacher, being followed by Winford Ray Durant and Aaron Robinson, when Durant snatched her purse and ran. Mrs. Kinderman slipped and fell as she followed them. The purse was empty and Robinson took it from Durant and returned it to Mrs. Kinderman. Primitivo Garcia ran to her aid, striking both Durant and Robinson. After Garcia struck him, Durant ran to defendant yelling, "Shoot him, Shoot him." Appellant removed the gun from his belt and handed it to Durant, who then ran towards Garcia, who was standing still. Garcia turned and ran toward 39th Street, followed by Durant, who fired three shots, inflicting the fatal wounds resulting in Garcia's death thirteen days later on November 28, 1967.

After the shooting, appellant and the others ran to their car, where Durant returned the gun to appellant who removed the shells and hid the gun under the dashboard of the car.

The issues submitted to the jury authorized finding of murder in the second degree or manslaughter. Appellant was found guilty of manslaughter by the jury and his punishment assessed at ten years.

Instruction 2 as given by the court is:

"The Court instructs the jury that every person who is present at the commission of a felony and who aids, abets, assists or encourages the same by words or gestures or acts or looks or signs is in law deemed an aider and abettor and is guilty as a principal.

"The Court instructs the jury that when one or more persons aid and abet another in the commission of an unlawful act or purpose, then whatever the person so aided and abetted does in furtherance of such unlawful act or purpose is in law the act and deed of each such person so aiding and abetting.

"On the other hand, mere presence at the commission of a felony does not of itself render a person liable as a principal therein. If he is only a spectator, innocent of any unlawful intent touching such felony, and does not aid, abet, assist or encourage those who are actors therein, he is not liable as a principal or otherwise."

In Instruction 3 the court expressly defined "wilfully" and "feloniously" as follows:

" 'Wilfully' as used in these instructions means intentionally, not accidentally. 'Feloniously' as used in these instructions means wickedly and against the admonition of the law, that is, unlawfully."

In Instruction 4 the court submitted the charge of manslaughter requiring a finding that the defendant "wilfully and feloniously did make an assault upon one Primitivo Garcia with a dangerous and deadly weapon . . . ."

Appellant contends that Instructions 2 and 4 are erroneous in that they do not specifically require a finding that defendant "intentionally aided and abetted" in the commission of the crime. The record does not support this contention. Instruction 2

properly defines the terms "aider" and "abettor", but is not a verdict director and does not mention the defendant nor require any findings relative to him.

Our courts have adopted two methods of submitting instructions involving abettors in criminal cases, and the practice of submitting the definition of "abettor" in one instruction and the verdict·director in a separate instruction has been approved in numerous decisions. See State v. Reece, 324 S.W.2d 656 (Mo.1959); State v. Prigett, 470 S.W.2d 459 (Mo.1971); State v. Taylor, 391 S.W.2d 835 (Mo.1965).

■ Where the definition and verdict director are combined in one instruction, as in State v. Grebe, 461 S.W.2d 265 (Mo. banc 1970), relied upon by appellant, all elements of both instructions should be included, and a finding of criminal intent is necessary. In Grebe the verdict director required a finding that the "principal" "wilfully and feloniously" stabbed the victim, and that the defendant, as abettor, "knowing the unlawful intent" of the principal "did intentionally aid, abet, help and assist" in the commission of the crime. The Supreme Court held that "knowledge" of the principal's "unlawful intent" did not properly submit the "unlawful intent" of a defendant charged with "aiding and abetting in the crime."

The present instructions are entirely different from those considered by the court in the above opinion. As noted, Instruction 4 is the verdict director and specifically required the jury to find that defendant "wilfully and feloniously" made the fatal assault.

In addition, the court in Instruction 3 defined the meaning of "wilfully" and "feloniously" as used in all the instructions, and specified that "wilfully" meant "intentionally, not accidentally."

■ The court's charge must be considered in its entirety and all separately numbered instructions must be considered as integral parts of the complete submission. Otherwise, it would be impossible to submit issues in a clear and concise manner. As stated in State v. Gailes, 428 S.W.2d 555 (Mo.1968), 559, "All of the several separate instructions constituted a single charge to the jury and must be considered as a whole. State v. Lee, Mo.Sup., 404 S.W.2d 740, 749 [22, 23]." See also State v. Prigett, supra; State v. Vainikos, 366 S.W.2d 423 (Mo. banc 1963).

■ We find that Instructions 2, 3, and 4, when construed as a whole, properly declared the law and that appellant's constitutional rights were not prejudiced by the failure of his trial counsel to assign error in his motion for new trial to the giving of said instructions.

Appellant further contends that his trial counsel ineptly and unfairly represented him by offering Instruction No. 5, which was given by the court, as follows:

"The Court instructs the jury that if the defendant John Rowden, did not know or have reason to believe that Winford Ray Durant would shoot Primitivo Garcia with the gun mentioned in evidence, then you will find him not guilty."

■ Defendant's trial attorney was well experienced in the trial of criminal cases and undoubtedly was aware that under the criminal law all distinctions between principals and accessories to criminal acts had been abrogated. As stated in State v. Butler, 310 S.W.2d 952 (Mo.1958), 957: "It is well settled that a party may be charged with the commission of the felony and be held under such charge for being present and participating in concert with the others in the commission of the crime, or for being present and aiding and assisting another in doing it. It is not necessary that he, personally, have done all of the things which together make up the elements of the crime. * * * Under the accessory statute it is necessary only that he in some manner have aided or abetted those committing the criminal act. § 556.170 V.A.M.S. The practical effect of the statute is to virtually abrogate the distinction between principals and ac-

cessories." See also State v. Cline, 452 S.W.2d 190 (Mo.1970); State v. Cobb, 444 S.W.2d 408 (Mo. banc 1969).

■ The evidence disclosed that defendant handed his gun to Durant, who was running from the victim, yelling "Shoot him, Shoot him," indicating Garcia. In the meantime Garcia had stopped and it might be argued that defendant thought that Durant merely wanted the gun for possible self defense or perhaps to deter or scare Garcia away without any intent to shoot. Under the evidence, the defendant's only possible defense was that he did not know or have reason to believe that Durant would shoot Garcia. This converse instruction by the court placed the stamp of the court's approval on this defense under the law. It also emphasized the only logical argument that counsel could make on behalf of the defendant.

The court finds this was the work of a good trial lawyer and appellant's charge to the contrary is not supported by the record.

The judgment of the trial court is affirmed.

All concur.