STATE of Missouri, Respondent,

v.

**Ruth I. GREBE, Appellant.**

**No. KCD 26451.**

Missouri Court of Appeals,
Kansas City District.

Feb. 4, 1974.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 1974.

Application to Transfer Denied
May 13, 1974.

F. Cullen Cline, Public Defender, Columbia, for appellant.

G. Michael O'Neal, Chief Counsel, Crim. Div., Jefferson City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and SOMERVILLE, JJ.

PER CURIAM:

The appellant Ruth I. Grebe was convicted of manslaughter under § 559.070 and § 556.170, RSMo 1959, V.A.M.S. by the Circuit Court of Boone County, Missouri.

She appealed to the Supreme Court of Missouri which reversed and remanded the case finding an instruction which "did not require the jury to find that the appellant *intentionally* aided and abetted Kenneth Grebe in the commission of the act of stabbing Robert Hugh Martin . . . preju-

dicially erroneous." State v. Grebe, 461 S.W.2d 265, 268 (Mo. banc 1970). On retrial she was again convicted. She appeals.

The evidence showing appellant's participation in an altercation during which Robert Hugh Martin was fatally stabbed by appellant's 13 year old son Kenneth is fully set forth in the Supreme Court's opinion. The Supreme Court held that such evidence made a submissible case. The evidence adduced at the second trial was basically the same and the sufficiency of the evidence to make a submissible case is not questioned here.

On this appeal, appellant makes 4 points questioning the instructions to the jury. These points are:

I. The trial court erred in giving instruction No. 8, because it omits the element of appellant's knowledge of the principal's felonious intent.

II. This omission in instruction No. 8 prevented the jury from considering appellant's defenses, which are substantially supported by the evidence.

III. Because of this omission, instruction No. 8 is substantially incorrect and conflicts with instruction No. 7, resulting in confusing and misleading instructions.

IV. The trial court failed to instruct the jury upon all questions of law in the case.

■ Preliminarily we note that appellant's points I and III, complaining of the instructions Nos. 7 and 8, were not presented to the trial court in a motion for a new trial. Hence, they are not preserved for review. State v. Turner, 452 S.W.2d 185 (Mo.1968); State v. Lasswell, 311 S. W.2d 356 (Mo.App.1958); S.Ct. Rule 27.20 V.A.M.R. Since these points were not preserved, this court will not consider them as plain error unless the court below so

misdirected or failed to instruct the jury on the law as to cause manifest injustice. State v. Porter, 458 S.W.2d 256 (Mo. 1970); State v. Auger, 434 S.W.2d 1 (Mo.1968).

Turning then to consideration of whether manifest injustice resulted from the instructions Nos. 7 and 8, attention must be focused first on instruction No. 8 which in relevant part reads as follows:

The court instructs the jury that if you find and believe from the evidence beyond a reasonable doubt that on or about the 7th day of July 1967, in the County of Johnson, State of Missouri, Kenneth Grebe did wilfully and feloniously stab with a knife, Robert Hugh Martin, which stabbing resulted in Robert Hugh Martin's death, and if you further find that the defendant, Ruth I. Grebe, was present at that said time and place, and intentionally aided and abetted Kenneth Grebe in the act of stabbing and killing Robert Hugh Martin, then you will find the defendant guilty of manslaughter.

■ Dissecting this instruction, we see that before the jury could find the defendant guilty they must find (1) that "Kenneth Grebe did wilfully and feloniously stab with a knife Robert Hugh Martin" and (2) that "Ruth I. Grebe was present at that said time and place and intentionally aided and abetted Kenneth Grebe in the act of stabbing." The act of stabbing referred to in the second part of the instruction logically refers to the act of stabbing in the first part of the instruction which the jury first had to find was wilful and felonious. Consequently this instruction required the jury to find that Ruth I. Grebe intentionally aided and abetted Kenneth Grebe in the wilful and felonious act of stabbing Robert Hugh Martin before they could find her guilty of manslaughter. We think this instruction was sufficient and we find no manifest injustice.

■ Any doubt concerning this conclusion is resolved when the instruction No. 7

is taken into account. All instructions are to be read and considered together and as such they constitute a single charge. State v. Prigett, 470 S.W.2d 459 (Mo.1971); Rowden v. State, 493 S.W.2d 699 (Mo. App.1973); State v. Gailes, 428 S.W.2d 555 (Mo.1968). With this in mind, attention is focused on instruction No. 7:

> All persons are equally guilty who are present at or near the scene of an offense and who then knowingly act together with a common intent by aiding, abetting, assisting or encouraging in the commission of the offense.
>
> The mere presence of a person at the time and place of the commission of the offense is not alone sufficient to render him liable for its commission. Unless you find and believe from the evidence beyond a reasonable doubt that an offense was committed as submitted in instruction No. 8, and that the defendant was present at or near the scene of the offense and that she knew of the unlawful purpose of the person who actually committed an offense, and that she then and there intentionally aided, abetted, assisted or encouraged such other person, you must find the defendant not guilty.

Clearly this instruction specifically required the jury to find defendant not guilty unless they found beyond a reasonable doubt that "she knew of the unlawful purpose of the person who actually committed an offense and that she then and there intentionally aided, abetted, assisted or encouraged such other person." There was no manifest injustice resulting from these instructions as respects appellant's points I and III and these points are decided against her.

Appellant's points II and IV allege that the instructions given did not allow the jury to consider the appellant's defenses which she argues were substantially supported by the evidence. The defenses she alludes to are self-defense and defense of child.

Suffice it to say that her defense at trial was that Kenneth Grebe did not stab Robert Hugh Martin and that Kenneth did not even have a knife at the time of the fracas. The evidence for the state was that Kenneth Grebe pulled the knife on Larry Martin at the very beginning of the altercation and that Ruth I. Grebe was present and fully aware of all events before, during and after the altercation. State's evidence fails to show any threats, menacing gestures or violence offered to Kenneth Grebe by Larry Martin prior to Kenneth's pulling the knife on Larry. Consequently there was no evidence of self-defense or defense of child and the court did not err in failing to instruct on these defenses. State v. Lemon, 263 S.W. 186 (Mo.1924); State v. Knight, 312 Mo. 411, 278 S.W. 1036 (1926); State v. Cashman, 485 S.W.2d 431 (Mo.1972); State v. Morris, 480 S.W.2d 825 (Mo. banc 1972); State v. Baker, 277 S.W.2d 627 (Mo.1955). Appellant's points II and IV are without merit.

The judgment is affirmed.

All concur.

DIXON, C. J., did not participate in any of the proceedings in this cause.